UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiffs,<br>v.<br><br>JUSTIN BEASLEY,<br><br>      Defendant. | Case No. 4:19-cr-00302-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Justin Beasley's Fifth Motion to Continue. Dkt. 107. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. *See* Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the motion.

## II. BACKGROUND

The protracted prosecution of this case began on September 24, 2019, when Beasley was indicted on one count of second-degree murder under 18 U.S.C. §§ 1111, 1153. Dkt. 4. Over the course of almost two years, Beasley has filed five motions to continue the trial based on claims that he needs more time to engage in discovery.

The Court initially set the trial for January 21, 2020. Dkt. 10. Then, on January 6, 2020, Beasley filed his first motion to continue the trial, requesting 120 to 180 days to

MEMORANDUM DECISION AND ORDER - 1

review discovery and prepare for trial. Dkt. 16. The Court granted the motion and reset the trial for June 15, 2020. Dkt. 17.

On May 13, 2020, Beasley filed a second motion to continue the trial. Dkt. 19. In it, he requested another 90 days to review recently disclosed discovery and to await another report from the prosecution. A week later, the Court granted that motion and pushed back the trial to October 13, 2020. Dkt. 20.

Then, on September 21, 2020, Beasley filed a third motion to continue the trial, stating that "the defense [was] in the process of obtaining additional medical records," reviewing approximately 500 pages of recently disclosed discovery, and interviewing "certain lay and expert witnesses that will be necessary in the defense of the case." Dkt. 23. Two days later, the Court granted the motion and reset the trial for January 25, 2021. Dkt. 24.

Due to the ongoing COVID-19 pandemic, the Court on its own initiative vacated that trial date and set a new trial for April 19, 2021. Dkt. 25.

Then, on April 5, 2021, Beasley filed his fourth motion to continue the trial for several reasons. Dkt. 26. The defense represented that it was reviewing discovery responses, it had requested "additional medical records," and it needed additional time to finalize preparation of witnesses for trial. *Id.* at 1. The defense also asserted that the parties were engaged in "good faith negotiations about a potential resolution of the case." *Id.* Beasley also recognized that federal criminal cases had fully resumed after the trial hiatus caused by COVID-19. The Court again granted the motion and reset the trial for August 2, 2021—the current trial date. Dkt. 27. But the Court cautioned, "Any further motions to

MEMORANDUM DECISION AND ORDER - 2

continue in this case will be closely scrutinized and will require the Defendant to sign the motion." *Id.* at 2 n.1.

This brings us to Beasley's fifth and current motion to continue the trial, which he filed on July 20, 2021—two weeks before the current trial date and mere hours before the pretrial telephonic conference. Dkt. 29. Therein, Beasley argues that he needs "additional time to locate witnesses for trial," particularly a medical doctor who no longer works at the local hospital. *Id.* at 1. Beasley requests another 60 to 90 days to do so. Beasley did not sign the motion.

### III. LEGAL STANDARD

District courts have considerable latitude in resolving continuance motions—so much so that their rulings "will ordinarily not be reviewed." *Avery v. Alabama*, 308 U.S. 444, 445 (1940); *see also Morris v. Slappy*, 461 U.S. 1, 11 (1983); *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). When the Ninth Circuit does review a ruling on a motion to continue, it is well-established that it employs an abuse of discretion standard. *United States v. Alvarez*, 358 F.3d 1194, 1210 (9th Cir. 2004); *United States v. Garret*, 179 F.3d 1143, 1444–45 (1999); *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.), *opinion amended on other grounds by* 764 F.2d 675 (9th Cir. 1985). To determine whether a district court abused its discretion in denying a continuance, the Ninth Circuit considers a handful of factors: (1) whether the continuance would inconvenience witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant. *United States v. Thompson*, 587 F.3d 1165, 1174

(2009).[1]

## IV. ANALYSIS

In the matter at hand, it is well within the Court's discretion to deny Beasley's motion to continue the trial. For one thing, his motion is procedurally deficient. He did not comply with the Court's direction for him to sign any further motions to continue. More importantly, though, all the *Thompson* factors weigh against granting a continuance. The Court addresses those factors below.

### A. Inconvenience

To begin, granting a continuance at this juncture would prove highly inconvenient, especially to the Court. This case has been pending since September 24, 2019, and the trial has already been pushed back five times.[2] Rescheduling trials repeatedly burdens the Court. As the Supreme Court has noted, district courts require "a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." *Morris*, 461 U.S. at 11. In one of the nation's busiest federal courts, that inconvenience is even more pronounced. Plus, the longer it takes for this case to be resolved, the greater the inconvenience swells. *See Thompson*, 587 F.3d

[1] Many Ninth Circuit decisions employ a four-factor test similar to *Thompson*'s five-factor test. *See, e.g.*, *United States v. Anguiano*, 731 F. App'x 699, 700 (9th Cir. 2018); *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), *opinion amended on other grounds by*, 764 F.2d 675 (9th Cir. 1985). To be clear, *Thompson*'s five factors do not supplant the traditional four factors. Rather, *Thompson*'s test provides further analysis and enhanced clarity of the traditional four factors. Under either of the two comparable tests, the result here is the same.

[2] As explained, the Court granted Beasley's previous four motions to continue and moved the trial date once sua sponte due to COVID-19.

at 1174–75 (collecting cases of inconvenience). This is especially true when considering the number of judicial resources already expended in addition to resolving any future matters. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (holding that the inconvenience to the court of the party's repeated delays supported the court's decision to deny the motion to continue).

That said, Beasley's repeated delays do not only inconvenience the Court but also suspend the public's interest in finality and justice. The trial date in this case has been rescheduled five times. The Court finds Beasley's request to reschedule the trial for a sixth time an unbearably inconvenient one to both the Court and the public.

**B. Previous Continuances**

Next, the high number of continuances already granted weighs heavily against Beasley's present request. As noted, the Court has already been more than sufficiently generous in granting Beasley's previous four requested continuances. Indeed, the Ninth Circuit has repeatedly viewed two or three continuances, let alone six, as enough for a district court to deny any further requests. *See, e.g.*, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783–84 (9th Cir. 2002) (continuance request due to scheduling conflicts was properly denied because two previous continuances had been granted); *United States v. Robinson*, 967 F.2d 287, 291 (9th Cir. 1992) (explaining that granting a third motion to continue would be excessive), *overruled on other grounds by Ortega-Mendez v. Gonzales*, 450 F.3d 1010 (9th Cir. 2006); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (considering two motions to continue and three-months delay as too much). Accordingly, the significant number of continuances in this case adds strong support to the Court's

decision to deny the present request.

## C. Legitimate Reasons for Delay

Because the present motion is not rooted in a legitimate reason that justifies further delay, this third factor also provides sturdy ground for the Court to deny the instant motion.

The primary gauge of legitimacy is usefulness. *See Flynt*, 756 F.2d at 1360. The possibility that continuance will serve a useful purpose is not enough. It must also be probable. *See id.* (distinguishing between possible and probable useful purposes for continuance).

Beasley presents a single reason for his requested continuance: "additional time to locate witnesses for trial," particularly a medical doctor who no longer works at the local hospital. Dkt. 29, at 1. But when the history of continuances in this case is considered, this reason is not a legitimate one. Beasley has requested more time for discovery since January 6, 2020—approximately a year and a half. He has specifically requested more time for discovery related to medical evidence and witnesses since September 21, 2020. Thus, he has had ample time to prepare his case, and it simply is not probable that more time than has already been given will serve a useful purpose.

On top of that, as has been noted, the Court gave Beasley notice in its previous continuance that further motions to continue the trial would "be closely scrutinized." Dkt. 27, at 2 n.1. The burden to convince the Court to change its schedule falls solely and squarely on the party seeking a continuance—here, Beasley is that party. *See Williams v. United States*, 203 F.2d 85, 86 (9th Cir. 1953) ("The granting of a continuance is not a matter of right, but is always within the sound discretion of the court."). This notice

MEMORANDUM DECISION AND ORDER - 6

signaled to Beasley that he needed to locate and prepare his witnesses. That he didn't do so demonstrates that the evidence was either not very useful or Beasley did not take the Court seriously. In either event, his reason for delay is not legitimate.[3]

In short, the Court finds that Beasley's motion to continue lacks a legitimate reason for delay. Therefore, this factor weighs against granting a continuance.

**D. Defendant's Fault in Delay**

In determining whether a continuance is appropriate, a court considers whether the delay was the defendant's fault. *Thompson*, 587 F.3d at 1174. The facts highlighted in the previous analysis show that delay is solely Beasley's fault. Although a defendant is not faulted for wishing to build the strongest case he or she can, there comes a point that discovery delays cannot be maintained. Beasley could have and should have located his witnesses sooner, especially in light of the Court's notice that further motions to continue would be closely scrutinized. At this point, the Court finds that Beasley is at fault in the unnecessary delay of this case, and this factor weighs against granting the requested continuance.

**E. Prejudice**

As a final consideration, and most importantly, the Court surveys the landscape of this case to see if its denial of a continuance prejudices Beasley. First, it is notable that

---

[3] Although not a stated reason for Beasley's request, the parties have been engaged in plea negotiations throughout this case. However, more time to negotiate a plea is not a legitimate reason to postpone the trial at this juncture. Any plea bargaining should have been concluded around the time that Beasley filed his motion anyway. *See* Revised Criminal Procedural Order No. 377, at 6 (encouraging the parties to conclude plea negotiations by the time of the pretrial conference call). That said, the Court is allowing Beasley to consider a plea deal in the time remaining before trial, which is sufficient for him to accept any deal the Government may present him.

MEMORANDUM DECISION AND ORDER - 7

Beasley does not contend that prejudice would result from a denied continuance. Second, although some evidentiary prejudice may arise from not having all the witnesses he would like, that prejudice is self-imposed. Third, even if Beasley could prove prejudice—which he has not—demonstrating prejudice from the denial of a requested continuance is not sufficient in and of itself to show that a court has abused its discretion, but it is a necessary or mandatory condition. *Danjaq LLC*, 263 F.3d at 961; *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995).

Fourth, the Ninth Circuit typically finds prejudice when a denial infringes a defendant's constitutional rights or impedes his or her ability to mount a strong defense. *See, e.g.*, *Flynt*, 756 F.2d at 1361 (denying motion to continue deprived "the accused of the only testimony potentially effective to his defense."); *Mejia*, 69 F.3d at 316–17 (denying motion to continue completely thwarted defense's ability to present its case). Beasley's constitutional rights are not at issue here. And, when it comes to mounting a strong defense, he has had approximately a year and a half and exactly five continuances of the trial to build one.

Lastly, to establish actual prejudice, a party cannot rely on what might have been with continuance or mere "what-ifs." *See United States v. Hernandez*, 608 F.2d 741, 746 (9th Cir. 1979). Beasley has not even explained what the witnesses might do to help his case, let alone that their testimony would likely have a significant evidentiary impact.

Accordingly, Beasley has failed to demonstrate that a denial of his motion to continue the trial will prejudice him. This factor deals the final blow to Beasley's motion.

## V. CONCLUSION

After being pushed back five times, Beasley's trial is set for August 2, 2021. It will not be postponed. The resolution of this case is long overdue. After careful consideration of the circumstances of this case, the Court exercises its discretion to deny Beasley's fifth motion to continue the trial for the foregoing reasons.

## VI. ORDER

The Court HEREBY ORDERS:

1. Beasley's Fifth Motion to Continue (Dkt. 29) is **DENIED**.

DATED: July 22, 2021

David C. Nye
Chief U.S. District Court Judge