UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JUSTIN WILSON BEASLEY,<br><br>    Defendant. | Case No. 4:19-cr-00302-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

This matter comes before the Court on the matter of restitution. The defendant, Justin Wilson Beasley, objects to the amount of restitution requested by the Government. On March 9, 2022, the Court heard oral argument on restitution and took the matter under advisement. For the reasons outlined below, the Court GRANTS restitution in the amount of $65,824.66.

## II. BACKGROUND

On September 24, 2019, Beasley was indicted by a Grand Jury for a single count of Second-Degree Murder. Dkt. 1. On August 5, 2021, Beasley was found guilty of that count by a jury of his peers for unlawfully murdering A.P. with a knife. Dkt. 66. Beasley was subsequently sentenced on October 26, 2021, to 327 months incarceration, which is to be followed by a five-year term of supervised release. Dkt. 76. The Court ordered restitution but reserved the question of how much restitution for a later period. On March 9, 2022, the

MEMORANDUM DECISION AND ORDER - 1

Court held a hearing on the matter. The matter is now ripe for the Court's ruling.

### III. LEGAL STANDARD

The payment of restitution by a defendant is mandatory when the offense, like in this case, is a crime of violence or one "in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. §§ 3663A(a), (c)(1)(A)(i) and (c)(1)(B). Restitution is to be made to the victim or to the victim's estate if the victim is deceased. 18 U.S.C. §3663(A)(a)(1). The exceptions to this mandatory restitution do not contain a carve-out based upon the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A); s*ee also* 18 U.S.C. § 3663A(c)(3). Such restitution is to be "in the full amount of each victim's losses as determined by the court." 18 U.S.C. § 3664(f)(1)(A). When an offense results "in bodily injury to a victim," the defendant must:

> (A) pay an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
> (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
> (C) reimburse the victim for income lost by such victim as a result of such offense;

18 U.S.C. § 3663A(b)(2). Furthermore, "in the case of an offense resulting in a bodily injury that results in the death of the victim," the court must order defendant to "pay an amount equal to the cost of necessary funeral and related expenses." *Id.* at § 3663A(b)(3). The Federal Rules of Evidence "do not apply at sentencing hearings," which includes restitution hearings. *United States v. Yeung*, 672 F.3d 594, 606 (9th Cir. 2012), *abrogated on other grounds by Robers v. United States*, 572 U.S. 639 (2014).

## IV. DISCUSSION

The Government has requested Beasley be ordered to pay as restitution to the mother of the deceased victim, S.P.: (1) the costs associated with the deceased victim's funeral and related services[1] (these costs totaled $838.30); (2) costs associated with the search for the deceased victim should be ordered payable to S.P. ($840.10); (3) leave hours taken by S.P. from work because of the death of her son ($6,433.72); and (4) out-of-pocket insurance costs for counseling for S.P. caused by the death of her son ($674.66). The Government also asked that counseling costs paid for by the insurer Healthcare Management Administrators for S.P. because of the death of her son should be ordered as restitution ($5,143.00). The Government additionally requested that A.P.'s estate, with S.P. as the payee representative, be paid for future lost per capita income for the deceased victim ($53,491.47).

Beasley agrees that he must pay restitution. At the hearing, Beasley stipulated to all the above amounts with the exception of the amount of restitution for future lost per capita income. As the parties have stipulated to the first five amounts listed and the Court finds them to be appropriate, the Court approves that stipulation. Accordingly, the only matter left for the Court's review is the future lost per capita income. Notably, the Government acted conservatively in making its restitution request as it only asked for payments based on A.P's expected future tribal payments, not any lost wages.

---

[1] The Government did state that this money would be paid to A.P's estate, with S.P. being the payee representative. Dkt. 90, at 9.

At the hearing, the parties did not dispute that A.P. was an enrolled member of the Eastern Shoshone Tribe. There also was no dispute about the amounts that were given to him in previous payments (Dkt. 90, at 8), and there is no dispute of A.P.'s age of 23 when he was murdered. Beasley also did not take any issue with the Government relying on the average of the per capita payments made by the Eastern Shoshone Tribe, nor did he dispute using the discount rate chosen by the Government of 2.34%, which was the 30-year maturity Treasury yield at the time the Government's memorandum was prepared. Beasley's only dispute is that 76.3 years is too high of an expected life expectancy for A.P. because A.P. was allegedly living a rather dangerous lifestyle that likely would have resulted in a lower lifespan.

The Court will never know what A.P.'s natural lifespan would have been because Beasley took that opportunity from him by murdering him. As such, the Court must review generalized statistics and projections to make its calculations—none of which has been provided to the Court by Beasley to support his claim.

Upon review, the Government's calculations regarding the loss to the deceased victim's estate for future per capita tribal payments is less than accurate, although not for the reasons proffered by Beasley. The Government calculated that the victim, A.P., had "approximately 51.3 years left to live" which gave him an estimated life expectancy of 76.3 years old. Dkt. 90, at 8 n.2. This number was calculated for "all origins" of race. Exhibit 1023, at 2. However, A.P. is a Native American, a group that, unfortunately, experiences a lower lifespan "than the U.S. all races population." INDIAN HEALTH SERVICE, Disparities, https://www.ihs.gov/newsroom/factsheets/disparities/ (last visited Aug. 22,

MEMORANDUM DECISION AND ORDER - 4

2022).[2] The Indian Health Service, an agency within the Department of Health and Human Services, estimates that American Indians have a life expectancy of 73.0 years. *Id.*

Accordingly, the Court will adjust A.P.'s life expectancy to 73 years, meaning that when he was murdered as a 23-year-old he could have statistically expected another 50 years of life. Based on the Government's calculation of an average of $1,771.67 paid by the Eastern Shoshone Tribe every year to A.P., and multiplied by A.P.'s remaining life expectancy, the total loss over years expected to live is $88,583.50.Using the discount rate of 2.34%, the Court calculates the present value of the payments to A.P. to be worth $51,894.88.[3]

## V. ORDER

The Court HEREBY ORDERS:

1.  The Government's request for Restitution is **GRANTED**.

2.  Defendant Beasley is hereby ordered to pay $65,824.66 in restitution, which shall be awarded as follows:

    a.  S.P., in her own capacity and as payee representative of A.P.'s estate, is awarded $60,681.66 in restitution.[4]

---

[2] As said at the hearing, without objection by either party, the Court is taking judicial notice of this fact sheet.

[3] The Court treated the yearly payments as an annuity to calculate the present value of a series of equal cash flows. As no party specified otherwise, the Court assumed yearly compounding.

[4] This amount is the sum of the amounts stipulated to by the Government and Beasley that were to be awarded to S.P. (i.e. the costs associated with the funeral, the search for A.P., leave hours take by S.P., and out-of-pocket counseling costs) and the recalculated present value of lost per capita income.

      b. Healthcare Management Administrators is awarded $5,143.00 in restitution.

3. The Court will prepare and file a separate, amended judgment reflecting this restitution order.

DATED: August 26, 2022

David C. Nye
Chief U.S. District Court Judge